**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:16-CV-00105-HBB**


**MELODY A. NORRIS**                                                                 **PLAINTIFF**


**VS.**


**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                        **DEFENDANT**


## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Melody A. Norris ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 16) and Defendant (DN 21) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).  By Order entered September 1, 2016 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

1

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits on August 19, 2013 (Tr. 15, 182, 185).   Plaintiff alleged that she became disabled on August 6, 2013 as a result of Graves disease (Tr. 15, 182, 185, 235).   Administrative Law Judge David S. Pang ("ALJ") conducted a video hearing from Baltimore, Maryland on January 12, 2015 (Tr. 15, 35-37).   Plaintiff and her counsel, Richard Burchett, participated from Bowling Green, Kentucky (Id.).   James W. Primm testified as an impartial vocational expert during the administrative hearing (Id.).

In a decision dated March 16, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-28).   The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018 (Tr. 17).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 6, 2013 the alleged onset date (Tr. 17).   At the second step, the ALJ determined that Plaintiff's Graves' disease, diabetes, and visual impairment in combination constitute a "severe" impairment within the meaning of the regulations (Tr. 17-18). Notably, at the second step, the ALJ also determined that Plaintiff's obesity and depressive disorder are "non-severe" impairments within the meaning of the regulations (Tr. 18-21).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21-22).

At the fourth step, the ALJ found Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the

2

claimant cannot work in unprotected heights, operate heavy machinery, or operate a motor vehicle" (Tr. 22).   Relying on testimony from the vocational expert, the ALJ found that Plaintiff is "capable of performing past relevant work as a Cook, Child Care Attendant, and Dairy Helper" (Tr. 26).   Additionally, the ALJ considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 27-28).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 27-28).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from August 6, 2013 through the date of the decision, March 16, 2015 (Tr. 28).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 9-11). In support of the request Plaintiff submitted additional medical evidence (Tr. 2, 5).   The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).   Notably, the Appeals Council found the new medical evidence did not affect the ALJ's decision because it concerned Plaintiff's condition after March 16, 2015 (Tr. 2).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when

3

a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

4

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

A

1. Plaintiff's Argument

Plaintiff argues that Finding No. 5 is not supported by substantial evidence (DN 16 PageID # 933).   Plaintiff points out that the Sixth Circuit has indicated an Administrative Law Judge's failure to follow the agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the Administrative Law Judge may be justified based on the record (Id.

5

PageID # 938-40 citing <u>Cole v. Astrue</u>, 661 F.2d 931, 939-40 (6th Cir. 2011)).   Plaintiff asserts that 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) require that an Administrative Law Judge give "good reasons" for the weight accorded to a treating source's opinion (<u>Id.</u>).

Plaintiff contends that the ALJ failed to provide "good reasons" when he assigned "little weight" to the November 5, 2013 medical opinion of a treating source, Dr. Allison Campbell (DN 16 PageID # 933, 938-40 citing   and <u>Wilson v. Comm'r</u>, 378 F.3d 541 (6th Cir. 2004)).   Plaintiff points out that the ALJ merely indicated Dr. Campbell's opinion was inconsistent with Plaintiff's treatment records and the findings of Drs. Sherman and Melson (DN 16 PageID 938-40).   Plaintiff asserts the ALJ's explanation was inadequate as it identified no specific inconsistency between Dr. Campbell's statement and the medical evidence or the statements of the other treating doctors, and that none is apparent (<u>Id.</u>).

2.   Defendant's Argument

Defendant asserts that Plaintiff fails to acknowledge that the ALJ gave Dr. Campbell's opinion little weight because it was "essentially a finding that the claimant [was] totally disabled and unable to work" which is a finding reserved to the Commissioner ( <u>Id.</u> PageID   # 959 citing Tr. 25).   Additionally, Defendant points out that the ALJ gave good reasons for giving Dr. Campbell's opinion little weight (<u>Id.</u> PageID #959-60).   Defendant contends throughout the opinion the ALJ considered Plaintiff's treatment notes, including those from Drs. Sherman and Melton, which showed Plaintiff's visual acuity was 20/30 in the right eye, and 20/25 and the left eye, that doctors characterized her condition as "fairly stable," that Plaintiff did not require eyelid retraction surgery, and that there was "consistent evidence" of Plaintiff's improvement after surgeries (<u>Id.</u> PageID   #960-61 citing Tr. 24, 644, 646, 742).   Defendant further points out that

6

the ALJ also discussed doctors' characterizations of Plaintiff's eye swelling as mild, and that her

color vision was normal, her corneal dryness was "very minimal," and she had no signs of optic

nerve compression (Id. citing Tr. 23-24, 617, 637, 643, 646).   Defendant asserts that, contrary to

Plaintiff's claim, the ALJ did consider the record as a whole when he evaluated the medical

opinion of Dr. Campbell (Id.).   Defendant contends the ALJ provided "good reasons" why Dr.

Campbell's opinion was not supported by Plaintiff's treatment notes

    3.  Discussion

    Finding No. 5 sets forth the ALJ's residual functional capacity assessment (Tr. 22).   The

residual functional capacity finding is the Administrative Law Judge's ultimate determination of

what a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §§

404.1545(a), 404.1546, 416.945(a), 416.946.   The Administrative Law Judge makes this finding

based on a consideration of medical source statements and all other evidence in the case record.

20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security

Ruling 96-5p; Social Security Ruling 96-7p.   In making this finding the Administrative Law

Judge must necessarily assign weight to the medical source statements in the record.   20 C.F.R. §§

404.1527(c), 404.1529; Social Security Ruling 96-7p.   Here, Plaintiff is challenging the ALJ's

assignment of weight to the opinion of Dr. Campbell.

    The Sixth Circuit has provided the following comprehensive explanation regarding the

standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has
> examined a claimant is given more weight than that from a source who
> has not performed an examination (a "nonexamining source"), *id.* §
> 404.1502, 404.1527(c)(1), and an opinion from a medical source who
> regularly treats the claimant (a "treating source") is afforded more
> weight than that from a source who has examined the claimant but does

not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).

On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

<u>Gayheart v. Comm'r of Soc. Sec.</u>, 710 F.3d 365, 375-76 (6th Cir. 2013).

Dr. Alison Campbell is Plaintiff's primary care physician (Tr. 380-453, 647-701).   Dr.

Campbell prepared a letter dated November 5, 2013, that reads as follows:

> I am writing this letter in regard to Ms. Melody Norris, a
> 46-year-old lady followed in my practice for several years.   Ms.
> Norris has several medical issues including Graves disease with
> thyrotoxic exophtholmos, low back pain, and kidney stones.   She
> has a severe case of thyrotoxicosis and is followed by a specialist in
> Nashville.   This disease affects her vision and causes a great deal of
> pain, even though her disease is controlled she still suffers from pain
> and vision problems.   Flares can be painful and she often is not able
> to work.   She also suffers from low back pain that flares at times.
>
> During the time I have followed her, she has had increasing flares,
> even with maximized treatment.   She has recently suffered a bout
> with kidney stones that has added to her issues.   It is my opinion
> with her issues, she is no longer able to continue to work.   The
> stress and prolonged standing required [sic] her job exacerbate her
> condition.   I have recommended that she proceed with disability.

(Tr. 642).   After considering the evidence in the record, the Court concludes that Dr. Campbell is

a "treating source" within the meaning of the regulations.   20 C.F.R. §§ 404.1502, 416.902.

The ALJ provided an accurate summary of the letter and noted that Dr. Campbell had

opined that Plaintiff "is no longer able to continue to work" (Tr. 25).   The ALJ indicated that he

gave "little weight to this opinion, as it is essentially a finding that the claimant is totally disabled

and unable to work" (Id.).   The ALJ explained that "[t]he finding of a claimant's disability is one

of the issues reserved to the Commissioner of the Social Security Administration (20 CFR

404.1527(c)(1); SSR 96-5p)" (Tr. 25).

The Court concludes that Dr. Campbell's opinion goes beyond a medical judgment

regarding what Plaintiff can still do and is a finding on the issue of disability that is reserved to the

Commissioner.   *See* Social Security Ruling 96-5p, 1996 WL 374183, at *2-5 (July 2, 1996).

While Dr. Campbell's opinion must not be disregarded, **it is not entitled to controlling weight** or

9

to be given special significance.   Id. at *5.   Therefore, the ALJ has set forth a "good reason" for not according controlling weight to Dr. Campbell's opinion.   Moreover, the ALJ has provided a "good reason" for giving "little weight" to Dr. Campbell's opinion.   In sum, the ALJ's reason for giving "little weight" to Dr. Campbell's opinion comports with applicable law and is supported by substantial evidence in the record.

The ALJ gave an alternative reason for according "little weight" to Dr. Campbell's opinion.   Specifically, the ALJ indicated "this opinion is inconsistent with claimant's treatment records, as well as the findings of Dr. Sherman and Dr. Melson, and the undersigned gives it little weight" (Tr. 25).   The Court declines Plaintiff's invitation to view this sentence in a vacuum and conclude that the ALJ has failed to satisfy the "good reasons" requirement.   Instead, the Court has considered the preceding paragraphs in the decision where the ALJ discussed the medical records from Drs. Campbell, Sherman, and Melson (Tr. 23-24) and explained why Plaintiff's allegations are inconsistent with those medical records (Tr. 24-25).   When these paragraphs within the decision are considered, the specific inconsistencies between Dr. Campbell's statement and Plaintiffs treatment records as well as the findings of Drs. Sherman and Melson are readily apparent.   Thus, contrary to Plaintiff's assertion, the ALJ has satisfied the "good reasons" requirement.   Moreover, the ALJ's findings regarding the weight accorded to Dr. Campbell's opinion are supported by substantial evidence in the record and comport with applicable law.

B

1.  Plaintiff's Argument

Plaintiff argues that Finding No. 5 is not supported by substantial evidence because the ALJ made an improper assessment of her credibility (DN 16 PageID # 933- 37 citing 20 C.F.R. §§

10

404.1529, 416.929, and Social Security Ruling 96-7p).   Plaintiff points out that she alleged her Graves' disease with visual impairments caused intermittent ocular pain, reoccurring bulging of the eyes (known as "exophthalmos"), inability to fully close her eyelids (lagopthalmos), and double vision (diplopia) (Id.).   Plaintiff also points out that she alleged these symptoms flared on a reoccurring basis and interfered with her ability to maintain full-time employment (Id.).   Plaintiff argues there was significant evidence in the record to substantiate the severity of her allegations, consisting of the medical records of Drs. Melson and Campbell, Dr. Campbell's opinion, Plaintiff's own testimony, and the third-party report of Plaintiff's former supervisor, Kay Spears (Id.).

    2.   Defendant's Argument

Defendant contends that the ALJ, when assessing Plaintiff's subjective symptoms, reasonably considered the consistent evidence that Plaintiff's condition improved after her surgeries, and that doctors characterized her condition is stable (DN 21 PageID #954-57). Further, Defendant points out that Dr. Sherman, an ophthalmic specialist, believed plaintiff did not require eyelid retraction surgery because a lubrication regime would adequately treat her stable thyroid eye disease (Id.).   Additionally, Defendant points out that the ALJ considered Plaintiff's other allegations that were not supported by the record (Id.).   Defendant asserts that the ALJ considered other factors in the record including Plaintiffs ability to work after her alleged onset date and her ability to carry out a number of activities, including cleaning, grocery shopping, and cooking on a regular basis (Id.).   Defendant contends that the ALJ's consideration that Plaintiff continued to work after her alleged onset date is harmless error in light of other findings regarding Plaintiff's physical abilities (Id.).   Defendant indicates that the ALJ gave "little weight" to the

11

statements from Plaintiff's former supervisor because those statements were not from a medical professional and were not entirely supported by other evidence in the record (Id.).

   3.   Discussion

   As previously mentioned, Finding No. 5 sets forth the ALJ's residual functional capacity assessment (Tr. 22).   In making the residual functional capacity finding, the Administrative Law Judge must consider the subjective allegations of the claimant and make credibility findings.   20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

   A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged.   20 C.F.R. §§ 404.1529(a), 416.929(a).   In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies.   First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition.

   Here, the ALJ examined the medical evidence and found that Plaintiff suffers from Graves' disease, a visual impairment related to the Graves' disease, and diabetes and that these conditions are severe impairments within the meaning of the regulations (Tr. 17).   Further, the ALJ found Plaintiff has hypertension, obesity, and depressive disorder, but these conditions are non-severe impairments within the meaning of the regulations (Tr. 18-21).   Thus, the ALJ concluded there is objective medical evidence of several underlying medical conditions.

12

Next, the Administrative Law Judge must determine:   "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain."   <u>Duncan</u>, 801 F.2d at 853.   Here, the ALJ concluded that the objectively established medical conditions were not of such severity that they could reasonably be expected to produce the degree of alleged pain and other symptoms (Tr. 23).

When the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged.   20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).   In pertinent part, the ALJ's decision reads as follows:

> The medical evidence of record demonstrates that the claimant's allegations are not entirely credible.  First, as to her alleged back pain, she has no musculoskeletal testing demonstrating limitation and postural activities, and had a noted normal gait during her consultative examination, with no difficulty walking (Ex. 15F/1-2). As to her alleged mental limitations, the undersigned considered these in Finding 3, and found they were not fully credible.   The claimant's alleged frequent kidney stones are demonstrated by only a single kidney stone in the record, though the claimant reported a kidney stone in October 2014, but it was not documented on objective imaging.   Therefore, the undersigned finds the allegation of frequent kidney stones is not fully credible.   As to the claimant's primary complaint of visual problems, including swelling of both eyes, after her surgery there is consistent evidence of improvement in this area.   The claimant has increased visual acuity, though she does have mild decreases in her visual fields.   Specifically, Dr. Sherman, an ophthalmic specialist, noted that the claimant did not require any eyelid retraction surgery, finding that a lubrication regimen with Selenium supplements would adequately treat the claimant's stable thyroid eye disease (Ex. 20F).   Dr. Melson's examination of the claimant, and his analysis of her visual acuity and visual fields, supports Dr. Sherman's findings, indicating the claimant's allegations of visual difficulty are not as extensive as alleged.   Furthermore, the claimant's examinations with her

13

treating physician, Dr. Campbell, support the findings of a stable
condition, though continued flares are possible.  The claimant is
also able to work on a regular basis, demonstrating an ability to
stand and walk greater than alleged.  Finally, the claimant stated
she cooked, grocery shopped, and cleaned on a regular basis,
demonstrating an ability to complete tasks and see items to a degree
greater than alleged (Ex. 10E/4-5).  The undersigned notes that the
claimant's blood sugar, hemoglobin Alc, and thyroid levels are
fairly stable in the record, indicating the claimant's diabetes mellitus
and Graves' disease are stable and managed on medication.
Therefore, the undersigned finds the claimant's allegations not
entirely credible.

(Tr. 24-25).   The ALJ appropriately considered Plaintiff's level of daily activity in determining

the extent to which her pain and other symptoms are of disabling severity (Tr. 18).   *See* 20 C.F.R.

§§ 404.1529(c)(3)(i), 416.929(c)(3)(i); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 348 (6th Cir. 1993);

<u>Blacha v. Sec'y of Health & Human Servs.</u>, 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law,

the Administrative Law Judge may consider household and social activities in evaluating

complaints of disabling pain.).   Additionally, the ALJ properly considered whether there are any

inconsistencies in the evidence and the extent to which there are any conflicts between Plaintiff's

statements and the rest of the evidence (Tr. 18-19, 22-25).   *See* 20 C.F.R. §§ 404.1529(c)(4),

416.929(c)(4).

In the context of assessing whether Plaintiffs depressive disorder is a severe impairment,

the ALJ noted that Plaintiff "works four hours a day, five days a week, in a school cafeteria" (Tr.

19).   The ALJ observed that "[t]his demonstrates an ability to interact with coworkers and

students on a regular basis" (Tr. 19).   In the context of assessing the credibility of Plaintiff's

allegations, the ALJ indicated that Plaintiff "also is able to work on a regular basis, demonstrating

an ability to stand and walk greater than alleged" (Tr. 25).   These findings are related to Plaintiff's

claim that she became disabled on August 6, 2013 (Tr. 15, 182, 185, 235) yet continued to work in

14

the school cafeteria through April 30, 2014 (Tr. 329, 332, 345, 347, 350).  Although the ALJ

found that Plaintiff's earnings for work after the alleged onset of disability did not rise to level of

substantial gainful activity (Tr. 17), the ALJ could still consider Plaintiff's work in assessing the

degree to which her depressive disorder impaired social functioning (Tr. 18-19) and in weighing

the credibility of her subjective allegations (Tr. 24-25).   Therefore, the ALJ did not err in

mentioning Plaintiff's work at the school cafeteria.   Notwithstanding, the ALJ identified a

number of other factors or reasons that support his findings that Plaintiff has a mild limitation in

social functioning (Tr. 18-19) and that Plaintiff's allegations are not entirely credible (Tr. 24-25).

With regard to statements from third-parties, the ALJ commented as follows:

> The undersigned gives partial weight to the statement of the claimant's mother, Ms. Norris (Ex. 11E).   Ms. Norris lives with the claimant and observes her on a daily basis, and to the extent her observations are consistent with the evidence of record the undersigned gives them weight.  However, Ms. Norris is not a medical professional, into the extent that her statements indicate symptoms greater than those supported by the medical evidence of record, the undersigned gives them little weight.
>
> The undersigned gives little weight to the statement of claimant's supervisor, Ms. Spears (Ex. 23E).   The undersigned gives this opinion little weight for the reasons stated in the preceding paragraph.   In addition, Ms. Spears does not see the claimant as often as her mother, and does not interact to the same degree, leading the undersigned to give her opinion less weight.   However, to the extent Ms. Spears gives an objective account of the claimant's decreased work efficiency, the undersigned gives her statements some weight.

(Tr. 25-26).   The ALJ's assignment of weight to the opinions of Ms. Norris and Ms. Spears is

sufficiently specific to make clear to Plaintiff and any subsequent reviewers the weight that the

ALJ gave to their statements and the reasons for that weight.   *See* Social Security Ruling 96-7p.

Therefore, the court concludes that the ALJ's assignment of weight to the opinions of Ms. Noris and Ms. Spears is supported by substantial evidence in the record and comports with applicable law.   In sum, Finding No. 5 is supported by substantial evidence in the record and comports with applicable law.

C

Plaintiff also argues that Finding Nos. 6 and 7 are not supported by substantial evidence in the record for the reasons previously given (DN 16 PageID # 940).   For the reasons set forth above, substantial evidence in the record supports the ALJs residual functional capacity assessment.   Further, the vocational expert's testimony constitutes substantial evidence to support Findings Nos. 6 and 7 because the testimony was based on a hypothetical question that accurately portrayed Plaintiff's physical and mental impairments.   <u>Varley v. Sec'y of Health & Human Servs.</u>, 820 F.2d 777, 779 (6th Cir. 1987).

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is granted for the Commissioner.

Copies:        Counsel

16